## Spiese, Appellant, v. Shee et al.

*Contracts—Bonds—Contracts of indemnity—Building operations —Construction—Intention.*

A bond given to protect the owner of property against loss by reason of the filing of mechanics' liens against a building to be erected by a contractor, or against loss resulting from the contractor's failure to complete the building, is a contract of indemnity, and where the contractor fails to begin the operation, the owner of the property cannot recover on the bond for expenses incurred by him for conveyancing, securing title insurance and loss incurred in reselling the land upon which the building was to be placed.

Argued Jan. 17, 1918. Appeal, No. 226, Jan. T., 1917, by plaintiff, from order of C. P. No. 1, Philadelphia Co., March T., 1914, No. 1805, entering judgment for defendants in case of Franklyn Spiese v. Rhoads Shee and Harry C. Dunlap and Henry C. Dunlap. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the defendant, Harry C. Dunlap, was surety on a bond wherein the plaintiff was obligee, to protect the plaintiff against loss on a certain building operation, by failure to complete, in accordance with certain plans, specifications and contracts. The plaintiff drew up mortgages, secured title insurance, expended money for conveyancing and purchased land which was subsequently sold at a loss.

The contractor refused to begin the building operation,

and the surety, being notified, also refused; the plaintiff expended several thousands of dollars for conveyancing and title insurance and sustained a loss in the resale of the land, for which he sought to recover. The court permitted the opening of the judgment entered on the builder's bond, and upon a statement of claim and an affidavit of defense being filed, entered judgment for defendants on the point of law raised in the affidavit of defense.

The bond in the suit was as follows:

Know all men by these presents, that we, Rhoads Shee, principal, and Harry C. Dunlap, surety, are jointly and severally held and firmly bound unto Franklyn Spiese in the sum of twenty thousand dollars lawful money of the United States of America, to be paid to the said Franklyn Spiese, his certain attorney, successors or assigns, to which payment, well and truly to be made we do bind and oblige ourselves, our heirs, executors and administrators, and every of them, firmly by these presents.

And we do authorize and empower any attorney of any court of record to appear for us, or our heirs, executors and administrators and confess judgment in favor of said Franklyn Spiese, his successors, or assigns, against us or our heirs, executors and administrators, in the sum of twenty thousand dollars besides cost of suit, with release of errors and waiver of all laws for stay of execution and exemption.

Witness our hands and seals, this sixteenth day of January, A. D. 1914.

, Whereas, the said Franklyn Spiese has agreed to insure the title of various owners, mortgagees, assignees or other applicants to the premises in Schedule "A."

SCHEDULE "A."

All Those Three Certain lots or pieces of ground, Situate in the Twenty-first Ward of the City of Philadelphia, (specifically described) against loss by reason of liens for the payment of debts contracted for work and

labor done and materials furnished and which may hereafter be done and furnished in or about the erection of the building or buildings on the lot of ground above described, and also against unfiled municipal claims for street and other improvement and connections and also against loss by reason of noncompletion of the thirty-five two-story dwellings to be erected on the above described premises in accordance with the plans and specifications on file with the said Franklyn Spiese within one year from the date hereof, and in consideration of the said agreement to issue the said policies, the said Rhoads Shee and Harry C. Dunlap hereby agree to indemnify and save harmless the said Franklin Spiese of and from all suits, claims and losses by reason of such insurance.

Now, the Condition of the Above Obligation is Such, that if the above bounden Rhoads Shee and Harry C. Dunlap, their heirs, executors, administrators, or any of them, shall and do at all times hereafter well and sufficiently save, defend, keep harmless and indemnify the said Franklyn Spiese, his successors and assigns, and the said premises, and every part thereof, of and from all loss, damage, costs, charges, liability or expense on account of any claims or liens for work and labor done or materials furnished, or to be done or furnished, for and about the construction and erection of the said building or buildings, or on account of any municipal claims that have been or may be filed of record against the above described premises or any part thereof, with the appurtenances; or, in the event of any such liens or claims being made or entered as aforesaid, shall and will forthwith pay off and discharge the same and have the same satisfied of record, without any fraud or further delay, and shall fully complete the thirty-five two-story dwellings on the above described premises in accordance with the plans and specifications on file with the said Franklyn Spiese within one year from the date hereof, then the above obligation to. be void or else to be and remain in full force and virtue.

Provided, that should the work on said building, or street and other municipal improvements and connections be delayed or suspended for five days without cause satisfactory to said Franklyn Spiese, or should the said work not be pushed to the satisfaction of said Franklyn Spiese, it shall be lawful at the option of said Franklyn Spiese, but not obligatory upon him, upon five days' notice mailed to Obligor, to the address given hereon, to cause said buildings, improvements and connections, to be completed at the cost and charges of said Obligor, and recover under this bond any amount expended for the purpose of completion or payment of liens, or should any lien be filed and remain undischarged upon the record for ten days after notice mailed to said Obligor, to the address given hereon, said Franklyn Spiese may at his option pay the same. And in the event of proceeding upon or entry of judgment on this bond for the recovery of any moneys expended for the completion of said buildings, or payment of liens thereon, on account of such expenditures verified by the affidavit of the said Franklyn Spiese, or his attorneys, shall be prima facie evidence of the amount so expended and of the necessity for such expenditure, and burden of proving the contrary thereof, shall be upon the Obligor. And we do hereby authorize and empower any attorney of any Court of Record in Pennsylvania, or elsewhere, to appear for us, our successors, heirs, executors and administrators and confess judgment in favor of the said Obligee, its successors or assigns against us, our successors, heirs, executors and administrators, in the sum of Twenty Thousand Dollars, together with all costs of suit and expenses, and with five per cent. added for counsel fees, with release of errors and without stay for execution, and do also waive the right of inquisition on any real estate that may be levied upon to collect this bond and do hereby voluntarily condemn the same and authorize the prothonotary to enter upon the fi. fa. said voluntary condemnation, and do further agree that this estate may be sold on a fi. fa. and

do hereby waive and release all relief from any and all appraisement stay, or exemption laws of any State, now in force or hereafter to be passed.

RHOADS SHEE        [SEAL]

HARRY C. DUNLAP   [SEAL]

HENRY C. DUNLAP

Sealed and Delivered in the presence of

WILLIAM J. BRADY

RICHARD MCSORLEY

The opinion of the court was as follows: The point upon which the action is based is one of indemnity. See Trust Co. v. Furniture Co., 57 Pa. Superior Ct. 221, and the items set forth in the statement which the plaintiff alleges he should recover for are not such as are embraced in the bond. Judgment is therefore entered for defendant upon the point of law raised in the affidavit of defense.

The court accordingly entered judgment for defendants. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant.

*Henry J. Scott,* for appellant.

*Henry A. Hœfler, Geo. S. Russell, Geo. deB. Myers,* and *Alex. Simpson, Jr.,* for appellees, were not heard.

PER CURIAM, February 25, 1918:

This judgment is affirmed on the opinion of the court below directing it to be entered.